UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARK HAGELIN and<br>BURTON HAGELIN,<br><br>        Plaintiffs<br><br>v.<br><br>STATE OF MAINE, et al.,<br><br>        Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil No. 05-60-B-W<br>)<br>)<br>)<br>) |

**RECOMMENDED DECISION**

      This pro se complaint, filed by plaintiffs Mark Hagelin and Burton Hagelin, seeks remedy for alleged violation of their constitutional rights by multiple defendants involved in the search of the Hagelins' residence and the seizure of their home and ninety-two dogs and puppies. On April 21, 2005, I entered an order denying Mark Hagelin's motion for leave to proceed in forma pauperis and for service. In that order I explained:

> The complaint lists two putative plaintiffs, Mark Hagelin and Burton Hagelin, Sr. Indeed the allegations pertaining to seizure of real property appear to suggest that Burton Hagelin, Sr. is the sole real party in interest regarding allegedly "condemned" real estate. Both plaintiffs must qualify for In forma pauperis status in order for the court to waive filing and service fees. Only plaintiff Mark Hagelin has submitted an application, indicating that he owns no real estate. Therefore plaintiffs have 10 days from today's date to pay the filing fee or alternatively submit additional and complete affidavits showing all sources of income and establishing that both plaintiffs are without any financial resources at all and truly qualify for the status they are seeking from the court.

(Docket No. 4.)

      There has been no response by either plaintiff to this order and I now recommend that the Court **DISMISS** this complaint for failure to prosecute.

## NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

May 3, 2005.

                /s/Margaret J. Kravchuk
                U.S. Magistrate Judge